*711 OPINION.
Yan Fossan:
In view of the stipulations entered into between the parties we have only one question for consideration, viz.: Has the respondent properly apportioned the taxes for the respective years between the affiliated corporations, or, in other words, may the affiliated corporations, by later agreement, alter the apportionment of taxes made by the respondent pursuant to statute in the absence of such an agreement?
It is stipulated that the petitioners have not filed with the respondent any agreement for the apportionment of the taxes for the years in question. The respondent determined the amount of tax due for each year, and in the absence of any agreement between petitioners, allocated the tax to the petitioners upon the basis of the net income properly assignable to each. This action of the respondent was precisely in accord with the express provisions of section 240(a) of the Revenue Act of 1918 and the taxes were correctly so assessed.
From the stipulation it appears that there is an overassessment for 1919 as to one of the petitioners. The respondent contends, however, that since the facts also disclose that the petitioners have failed to file a claim for refund or credit for such overpayment, or to file their appeal with this Board, within the time limitation set by section 284(e) of the Revenue Act of 1926, which, under the law, is a condition precedent to the refund or credit of such overpayment, this refund or credit is barred.
In the Appeal of Dickerman & Englis, Inc., 5 B. T. A. 633, we held that the Board has no jurisdiction to determine whether an overpayment of tax should be credited or refunded to the taxpayer or to determine whether credit or refund is barred by the period of limitation provided by the statute. We accordingly express no opinion on this point.

Judgment will be entered on 15 days' notice, wider Rule 50.